599 N.W.2d 102 (1999)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Gregory R. BULGER, Defendant-Appellant.
Docket No. 112694, COA No. 209031.
Supreme Court of Michigan.
August 17, 1999.
On the Court's own motion, we ORDER that this case be reargued and resubmitted to the Court at the October 1999 Session, and we DIRECT the parties to file supplemental briefs. Appellant's supplemental brief will be due on or before September 7, 1999, and appellee's supplemental brief will be due on or before September 28, 1999. The supplemental briefs shall address the following questions:
(1) Do Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), when considered together, indicate that there is a constitutional right to "meaningful access" to the appellate process?
(2) Does the concept of "meaningful access to the appellate process," in this context, require that indigent defendants have appointed counsel on a first appeal, regardless of whether the appeal is of right or discretionary?
(3) If "meaningful access to the appellate process" does not require that indigent defendants be given counsel for a discretionary first appeal, what is necessary to guarantee" meaningful access" to uncounseled indigent defendants who have no right of first appeal, and does MCR 6.005(H)(4), in conjunction with MCR 6.311(C), fulfill this standard?
(4) Is the concept of "meaningful access to the appellate process" grounded in the equal protection clause, the due process clause, or both?
(5) Is the concept of "meaningful access to the appellate process" the kind of fundamental right that implicates equal protection concerns over distinctions between indigent and moneyed defendants, and do the differences between guilty plea appeals and appeals from trial-based convictions represent the kind of reasoned distinction that would permit the courts to treat indigent and moneyed defendants differently in allowing for the assistance of counsel in discretionary first appeals?
The Court invites briefs amicus curiae from the Prosecuting Attorneys Association of Michigan, the Michigan Attorney General, the Michigan Association of Counties, the Michigan Appellate Assigned Counsel System, the Criminal Defense Attorneys of Michigan, and the Michigan Defender Offices. Other persons or groups interested in the determination of these questions may move the Court for permission to file briefs amicus curiae.